UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

BEAR STEARNS & CO. INC.,                    :                    08 Civ. 8596 (PKC)

                        Plaintiff,          :

                                            :

        -against-                           :

TODD GORDON,                                :

                        Defendant.          :
-------------------------------------------------------------x

                                            :

BEAR STEARNS & CO. INC.,                    :                    08 Civ. 8597 (PKC)

                        Plaintiff,          :

                                            :                    MEMORANDUM
                                            :                    AND ORDER

        -against-.                          :

ALAN COHEN,                                 :

                        Defendant.          :
-------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.:

        Plaintiff Bear Stearns & Co. Inc ("Bear Stearns") commenced separate actions in

Supreme Court, New York County, against two former employees, Todd Gordon and Alan

Cohen, to recover $178,361.50 that it asserts was due and owing on promissory notes that were

respectively executed by each defendant.  Defendants removed the actions to this Court on the

basis of diversity jurisdiction, 28 U.S.C. § 1332.  Gordon moved to compel arbitration of Bear

Stearns' claims pursuant to an arbitration clause present in his employee agreement. (Docket No.

5)  Cohen also moved to compel arbitration of Bear Stearns' claims pursuant to an arbitration

clause present in his employee agreement. (Docket No. 4)  The motions to compel arbitration

and opposition papers are virtually identical and the discussion that applies to one applies to the

other. For the reasons set forth below, defendants' motions to compel arbitration and stay

proceedings are granted.

I. BACKGROUND

The following recitation of facts is taken from the Affirmation of Stephen M. Plotnick in

Support of Motion to Compel Arbitration (Plotnick Aff.) and the Declaration of Jeffrey A.

Mitchell (Mitchell. Decl.) submitted in Support of Plaintiff's Opposition to Defendant's Motion

to Compel Arbitration. The essential facts are not in dispute, although the parties differ as to the

legal conclusions to be drawn therefrom.

Defendants were securities brokers who had accepted offers to work in the Whippany,

New Jersey office of Bear Stearns. (Mitchell Decl. Ex. B.) The employment offer letters, dated

November 29, 2005, are eight-page documents that discuss various aspects of the terms of

employment. (Mitchell Decl. Ex. B.) The letters include sections that discuss the issuance of

interest-bearing loans. (Mitchell Decl. Ex. B at 3.)

> As soon as practicable following both (i) your completion of thirty (30) days of
> employment with the Firm and (ii) the clearance of your registration with the Firm, you
> will receive an interest-bearing loan, for which you will execute a promissory note in
> favor of the Firm in the form attached hereto, in the amount specified in the attached
> form of promissory note. (Mitchell Decl. Ex. B at 3.)

On November 17, 2005, Gordon and Cohen executed promissory notes in the favor of

Bear Stearns, each in the sum of $225,000. (Mitchell Decl. Ex. A.) The promissory notes are

dated November 17, 2005 and were executed by Gordon and Cohen on November 29, 2005.

(Mitchell Decl. Ex. A.) The offer letters are also dated November 29, 2005. (Mitchell Decl. Ex.

B.) Gordon's offer letter, although dated November 29, 2005 appears to have been signed on

November 17, 2005. (Mitchell Decl. Ex. B at 7.) Cohen's offer letter was signed on November

2

29, 2005. (Mitchell Decl. Ex. B at 7.)  Gordon and Cohen each received $225,000 from Bear

Stearns in exchange for the execution and delivery of the promissory notes. (Pl. Mem. of Law at

1.)

Defendants resigned from Bear Stearns on March 20, 2008. (Pl. Mem. of Law at 2.)  Bear

Stearns commenced this action in New York Supreme Court to recover $178,361.50 outstanding

from the original $225,000 paid to Gordon and Cohen. (Plotnick Aff. Ex. E.)

The promissory notes both contained the following forum clause:

> The Undersigned and Bear, Stearns & Co., Inc. hereby submit to the jurisdiction of the
> courts of the State of New York for the purposes of any action on or related to this Note,
> the liabilities of the enforcement of either, or all of the same. (Mitchell Decl. Ex. A at 2.)

The offer letters both contained the following arbitration clause:

> You and the Firm both specifically and knowingly and voluntarily agree to a pre-dispute
> arbitration clause so that should any controversy or dispute arise in connection with your
> employment, the cessation of your employment or the interpretation of this offer letter,
> you and the Firm agree to arbitrate any and all such claims before a neutral panel of the
> National Association of Securities Dealers, Inc. at a site in New York, New York. You
> and the Firm acknowledge that the arbitration will be conducted pursuant to the rules of
> NASD, including those rules that permit discovery of facts and documents.... You and
> the Firm knowingly and voluntarily agree to enter into this arbitration clause and to waive
> any rights that might otherwise exist to request a jury trial or other court proceeding.
> (Mitchell Decl. Ex. B at 6.)

The offer letter also states "this offer constitutes the entire agreement of the parties and

**supercedes all prior agreements** (oral and written) relating to the matters addressed herein

between you and the firm." (Mitchell Decl. Ex. B at 7.) (emphasis in original)  Neither party

disputes the validity of the offer letters as binding contracts.

II. DISCUSSION

Defendants assert that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, mandates that

this action be stayed and the parties arbitrate their claims. (Def. Mem. of Law at 7.)

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3

"Under Section 3 of the FAA, 9 U.S.C. § 3, a district court must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2d Cir. 1997) (internal quotation omitted).

The Supreme Court has explained that the purpose of the FAA is "to ensure judicial enforcement of privately made agreements to arbitrate." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219 (1985). The FAA reflects "a strong federal policy favoring arbitration as an alternative means of dispute resolution." JLM Indus. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004) (quoting Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d. Cir. 2001)).

A district court in this Circuit must resolve four inquiries in order to determine whether all or part of an action is arbitrable:

> First, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration.

JLM Indus. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004). "Under the FAA, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" JLM Indus. v. Stolt-Nielsen SA, 387 F.3d 163,

4

171 (2d Cir. 2004) (quoting Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).

The defendants both received and signed offer letters from Bear Stearns. (Mitchell Decl. Ex. B.) The offer letters contain an arbitration clause. (Mitchell Decl. Ex. B at 6.) The offer letters are each signed by the defendants. (Mitchell Decl. Ex. B at 7.) The name of Bear Stearns Senior Managing Director, Barry Sommers, is present in the form of a signature block on the same page. (Mitchell Decl. Ex. B at 7.) Bear Stearns does not deny that they entered into written employment agreements with defendants that contained an arbitration clause. The offer letter satisfies the first step of the inquiry identified in JLM Industries.

The scope of the arbitration agreement includes "any controversy or dispute aris[ing] in connection with your employment, the cessation of your employment or the interpretation of this offer letter." (Mitchell Decl. Ex. B at 6.) Bear Stearns opposes defendants' motions to compel asserting that the claims on the promissory notes are not related to defendants' employment. (Pl. Mem. of Law at 8.) Bear Stearns also opposes defendants' motions to compel by asserting that the forum clause in the promissory note requires defendants to submit to the courts of the State of New York. (Pl. Mem. of Law at 3.) In this Circuit, "if there is a reading of the various agreements that permits the Arbitration Clause to remain in effect, we must choose it." Bank Julius Baer & Co., Ltd. v. Waxfield Ltd., 424 F.3d 278, 284 (2d Cir. 2005). The forum clause included in the promissory note language is non-exclusive and does not make reference to arbitration. "[T]he Forum Selection Clause makes no reference to arbitration, and so is at least ambiguous. That being so, '[d]oubts [about arbitrability] should be resolved in favor of coverage.'" Bank Julius Baer & Co., Ltd., 424 F.3d at 285 (2d Cir. 2005) (quoting WorldCrisa Corp. 129 F.3d at 74 (2d Cir. 1997)). The employment agreement expressly contemplates the

loans and the promissory notes, and imposed the obligation to execute the notes in the form annexed to the employment agreement. (Mitchell Decl. Ex. B at 3.)  Disputes over non-payment of the promissory notes are within the scope of the agreement to arbitrate. This fulfills the second step of the JLM Industries inquiry.

Bear Stearns does not assert any federal claims.  Therefore the third step of the JLM Industries inquiry is satisfied.

All of the claims presented by Bear Stearns are arbitrable.  The proceedings are stayed pending the conclusion of the arbitration

III. CONCLUSION

Defendants' motions to compel arbitration are GRANTED.  The motions to award fees are DENIED.  Proceedings are stayed pending arbitration.  The case is placed on the suspense docket.


SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY
       June 30, 2009